UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

ROBERT and JAYLEEN
GALLIHUGH,

    Plaintiffs,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC
and PORTFOLIO RECOVERY ASSOCIATES, INC.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

### PARTIES

4.    Plaintiffs, ROBERT and JAYLEEN GALLIHUGH ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Pinellas, and City of Clearwater.

5.    Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") or ("PRAL") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. PRAL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant") or ("PRAI"), is a corporation who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiffs.

9. PRAI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. PRAL uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. PRAI purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. PRAI acquired Plaintiffs' debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. PRAI is thoroughly enmeshed in the debt collection business, and PRAI is a significant participant in PRAL's debt collection process.

16. In connection with collection of an alleged debt in default for a personal utility bill, PRAL, itself and on behalf of PRAI, placed a call to Plaintiffs' residence on November 22, 2011 at about 1:30 P.M., and at such time, spoke with Plaintiff Jayleen Gallihugh.

17. When Plaintiff Jayleen Gallihugh handed the telephone to Plaintiff Robert Gallihugh, PRAL misrepresented to Plaintiff Robert Gallihugh that Plaintiff Jayleen Gallihugh had agreed to a payment plan.

18. Plaintiff Jayleen Gallihugh, in fact, made no such agreement to pay the alleged debt.

19. During the conversation on November 22, 2011, and each subsequent communication with PRAL, Plaintiff Robert Gallihugh demanded that PRAL cease all telephonic communications.

20. Despite PRAL's notice of Plaintiff Robert Gallihugh's demand that PRAL cease placing calls to Plaintiffs, PRAL continued to place multiple calls to Plaintiffs, including, but not limited to, calls placed on November 28, 2011, December 5, 2011, December 10, 2011, and December 20, 2011.

21. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

22.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 21.

23.     PRAL violated 15 U.S.C. § 1692C(a)(1) by communicating with Plaintiffs at an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiffs when telephoning Plaintiffs after they demanded that such communications cease and desist.

24.     PRAI, by virtue of its status as a "debt collector", is separately liable for the debt collection activity of PRAL, the debt collector hired to collect debts on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendants violated 15 U.S.C. § 1692C(a)(1)
   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;
   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;
   d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;
   e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;
   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

25.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 21.

26.     PRAL violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or

harass any person at the called number, when continuing to telephone Plaintiffs despite Plaintiffs' demand to cease and desist all telephonic communications

27. PRAI, by virtue of its status as a "debt collector", is separately liable for the debt collection activity of PRAL, the debt collector hired to collect debts on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

28. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 21.

29. PRAL violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs by falsely asserting that Plaintiff Jayleen Gallihugh agreed to a payment plan.

30. PRAI, by virtue of its status as a "debt collector", is separately liable for the debt collection activity of PRAL, the debt collector hired to collect debts on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

31. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 21.

32. PRAL violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect a debt by falsely asserting that Plaintiff Jayleen Gallihugh agreed to a payment plan.

33. PRAI, by virtue of its status as a "debt collector", is separately liable for the debt collection activity of PRAL, the debt collector hired to collect debts on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692f;

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

34. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this <u>19th</u> day of <u>April</u>, 20<u>12</u>.

        Respectfully submitted,
        **ROBERT and JAYLEEN GALLIHUGH**

        By: <u>s/ Alex D. Weisberg</u>
        ALEX D. WEISBERG
        FBN: 0566551
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFFS
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com